Fernando Sierra Berdecía, Commissioner of Labor, etc.,
Plaintiff and Appellant–Appellee, *v.* Luis Blondet De-
lannoy, Defendant and Appellee–Appellant.

No. 10041.    Argued June 22, 1949.—Decided July 5, 1949.

Ramón Cancio and Pedro Santana, Counsel for the Department of Labor and for appellant-appellee. Ubaldo Aponte and Tomás Bernardini Palés for appellee-appellant.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On April 29, 1949 the district court entered judgment in a suit for unpaid wages in favor of the plaintiff in the amount of $413.52 for the benefit of certain workers. The Secretary of the court duly filed in the record a copy of the notification of judgment to the parties. On May 6 at 8 a.m. the defendant filed a notice of appeal. On May 6 at 9 a.m. the plaintiff filed a motion for reconsideration of the judgment in order to include therein as an additional penalty a sum equal to that contained in the judgment, in accordance with § 25 of the Minimum Wage Act (Act No. 8, Laws of Puerto Rico, 1941, as amended by Act No. 217, Laws of Puerto Rico, 1945).

On May 10 the lower court entered an order setting the motion for reconsideration for hearing on May 16. After holding the said hearing, on May 27 the district court entered an order denying the motion for reconsideration for lack of jurisdiction, citing Guilhon & Barthelemy v. District Court, 64 P.R.R. 289.

On June 1 the plaintiff filed two notices of appeal. One was an appeal from the judgment of April 29 insofar as it did not provide for $413.52 as an additional penalty. The second was an appeal from the order of May 27 denying the motion for reconsideration as to the same item.

The defendant has moved to dismiss the appeal from the judgment of April 29 on the ground that it was untimely. The plaintiff had five days to appeal pursuant to Act No. 10, Laws of Puerto Rico, 1917, Vol. II, as amended by Act No. 40, Laws of Puerto Rico, 1935. Consequently, his appeal from the judgment of April 29, filed on June 1, was out of time unless the period of appeal was interrupted by the motion for reconsideration and the action the lower court took thereon.

■■ In opposition to the motion to dismiss the appeal, the plaintiff argues that the appeal did not deprive the lower court of jurisdiction over the motion for reconsideration because the latter was directed to a part of the suit not covered by the appeal and not included in the judgment. He relies on § 297 of the Code of Civil Procedure, 1933 ed., and *Molina* v. *Rodríguez*, 63 P.R.R. 458.

But § 297 and the *Molina* case do not support the plaintiff's position.[1] Under § 297 the court may proceed upon matters not embraced in the judgment despite appeal from the judgment. But we cannot agree that the judgment does not embrace the question of the penalty. The lower court, according to the plaintiff, should have included the penalty in the judgment. Consequently, whether the district court included it in the judgment or not, the judgment embraced the issue of the penalty.

■ The plaintiff also argues that under the *Guilhon* case the lower court had entertained his motion for reconsideration, and therefore that his time to appeal from the judgment was interrupted until the lower court definitely overruled the motion on May 27. He therefore asserts his appeal of June 1 was on time. We cannot agree. A court cannot entertain a motion for reconsideration when it lacks jurisdiction thereof. *Tefel* v. *Coane*, decided January 26, 1949, *per curiam*. In view of the fact that the motion for reconsideration of the plaintiff was filed after the defendant filed a notice of appeal, the lower court lacked jurisdiction and could not entertain it. Consequently, the motion for reconsideration did not interrupt the running of the time to appeal, and the appeal was filed too late.

---

[1] Section 297, Code of Civil Procedure, 1933 ed., reads as follows: "Whenever an appeal is perfected, it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the matters embraced therein; *but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from.*" (Italics ours).

■ The plaintiff also appealed from the order denying the motion for reconsideration. This was not appealable. *Castro* v. *Rexach Racing & Sporting Corp.*, 60 P.R.R. 294.

The motion of the defendant to dismiss the appeals of the plaintiff will be granted.